Brent E. Pelton, Esq.
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JUSTIN BRAVO, Individually, and on Behalf of
All Other Persons Similarly Situated,

                              Plaintiffs,

         -against-

CLINTON HILL DESIGN BUILD, LTD.
NICK HAVEN, PARS MOGHBEL and
JOHN DOES # 1-10, Jointly and Severally

                              Defendants.
---------------------------------------------------------------x

JUDGE BATTS

08 CV 0319

2008 Civ. _____

CLASS AND COLLECTIVE
ACTION COMPLAINT

Demand for Jury Trial

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for worked performed for which they received no compensation at all, as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 et seq.

1

2. Plaintiff further complains on behalf of himself and all other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendant CLINTON HILL DESIGN BUILD, LTD. ("CLINTON HILL") is a corporation that is subject to service of process at the time this action is commenced in this district. Further, PARS MOGHBEL ("MOGHBEL") resides in this district, and a substantial portion of the events or omissions giving rise to the claims that form the basis of this action occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is currently a resident of Essex County New Jersey.

7. Upon information and belief, CLTINTON HILL is a New York corporation with a principal place of business located at 609 Vanderbilt Avenue, Brooklyn, New York 11238.

8. Upon information and belief, NICK HAVEN ("HAVEN" and, together with CLINTON HILL and MOGHBEL, the "Defendants") is an owner, employee, officer, director, partner and/or managing agent of CLINTON HILL and he participated in the day-to-day operations of CLINTON HILL, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with CLINTON HILL.

9. Upon information and belief, MOGHBEL is an owner, employee, officer, director, partner and/or managing agent of CLINTON HILL and he participated in the day-to-day operations of CLINTON HILL, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and is jointly and severally liable with CLINTON HILL.

10. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of CLINTON HILL, whose identities are unknown at this time, and who participated in the day-to-day operations of CLINTON HILL and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with CLINTON HILL.

**COLLECTIVE ACTION ALLEGATIONS**

11.     Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since January 14, 2005 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid for hours that they worked and received no compensation for overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

12.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts, on which the calculation of that number can be derived, are presently within the sole control of the Defendants, upon information and belief, there are over 30 members of the Collective Action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

14.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members

of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a) whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed to pay the Collective Action Members for hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d) whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f) whether Defendants should be enjoined from such violations of the FLSA in the future.

16.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

17.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

18.     Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since January 14, 2002, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid for all hours worked as well as overtime wages in violation of the New York Labor Law (the "Class").

19.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based are presently within the sole control of the Defendants, upon information and belief, there are at least thirty members of the Class and likely many more who worked for the Defendants during the Class Period.

20.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

21.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

22. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

23. Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

24. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    (a) whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    (b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

    (c) whether Defendants failed/and or refused to pay the members of the Class for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    (d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

    (e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

25. Plaintiff was employed by Defendants as a construction from on or about March 2007 through January 2008 (the "Employment Period").

26. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

27. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

28. Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

29. In addition to the Plaintiff, during the Employment Period, Defendants have employed at least 30 other employees.

30. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

31. Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendant has likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

32. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

33. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the New York Labor Law.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

34. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

35. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

37. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.00.

38. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

39. At all relevant times, the Defendant had a policy and practice of refusing to pay for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

40. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

42. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

44. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

46. Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them any compensation for all of the hours worked by them as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

47. Defendants' New York Labor Law violations have caused Plaintiff, irreparable harm for which there is no adequate remedy at law.

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action. Plaintiff seeks liquidated damages, pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff on behalf of himself and all other similarly situated Collective and Class Action members, respectfully request that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff as representative of the Collective Action and Plaintiff's counsel as counsel to represent the Collective Action Members.

(b) Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff as representative of the Class and appointing Plaintiff's counsel as Class counsel;

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(d) An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e) An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(g) An award of prejudgment and post judgment interest;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(i)   Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       January 14, 2008

        PELTON SERPE LLP

        /s/ Brent E. Pelton
        _____
        Brent E. Pelton (BP-1055)
        Attorney for Plaintiff, Individually,
        and on Behalf of All Other Persons Similarly Situated
        111 Broadway, 9th Floor
        New York, New York 10006
        (212) 725-3600
        pelton@peltonserpe.com

CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of ____CHAP____ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative lead plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____Justin Bravo_____    __1/7/08__        _____JUSTIN BRAVO_____
         Signature                    Date                       Printed Name